# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| DONNIE JONES, #318400, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WARDEN OF MCCORMICK )<br>CORRECTIONAL INSTITUTION, )<br>)<br>Respondent. )<br>_____) | CIVIL ACTION NO. 9:14-1815-DCN-BM<br><br><br><br>**REPORT AND RECOMMENDATION** |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on May 1, 2014.[1]

The Respondent filed a return and motion for summary judgment on August 6, 2014. As the Petitioner is proceeding pro se, a Roseboro order was filed on August 11, 2014, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. However, even after receiving an extension of time to respond, Petitioner has failed to file a response.

This matter is now before the Court for disposition.[2]

---

[1] Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local

(continued...)

1



**Procedural History**

Petitioner was indicted in Clarendon County in July 2006 for four (4) counts of first degree burglary [Indictment No. 06-GS-14-189] and one (1) count of aggravated stalking [Indictment No. 06-GS-14-188]. (R.pp. 2, 56-57). Petitioner was represented by Harry L. Devoe, Esquire, and on October 11, 2006 entered a guilty plea to one count of first-degree burglary and one count of stalking, with a sentencing recommendation of twenty (20) years. (R.pp. 1-15). Petitioner was thereafter sentenced to twenty (20) years imprisonment on the first degree burglary conviction and thirty (30) days confinement for the stalking conviction, both to be served concurrently. (R.pp. 13-14). Petitioner did not appeal his conviction and/or sentence.

On March 23, 2009, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. Jones v. State of South Carolina, No. 2009-CP-14-150. (R.pp. 16-27). Petitioner raised numerous issues in his APCR, primarily centering around alleged ineffective assistance of counsel. (R.pp. 20-22). Petitioner was represented in his APCR by Tara Leaphart, Esquire, and an evidentiary hearing was held on Petitioner's application on April 26, 2011. (R.pp. 35-49). In an order filed June 10, 2011, the PCR judge denied relief in its entirety. (R.pp. 50-55).

Petitioner filed a timely appeal of the PCR court's order. Petitioner was represented on appeal by Robert M. Pachak, Appellate Defender with the South Carolina Commission on Indigent Defense, who filed a Johnson[3] petition seeking to be relieved as counsel and raising the following issue:

---

(...continued)
Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]Johnson v. State, 364 S.E.2d 201 (S.C. 1998).

2



> Whether petitioner knowingly and intelligently waived his right to a direct appeal of his guilty plea?

See Court Docket No. 14-5, p. 3.

A pro se petition from the Petitioner was subsequently also received by the South Carolina Supreme Court dated February 13, 2011. See Court Docket No. 14-7. On July 24, 2012, the South Carolina Supreme Court transferred Petitioner's case to the South Carolina Court of Appeals, which granted Petitioner's motion to amend his pro se petition. See Court Docket Nos. 14-8, 14-9 and 14-10. On December 13, 2013, the South Carolina Court of Appeals granted counsel's petition to be relieved and denied Petitioner's petition for a writ of certiorari. See Court Docket No. 14-11. The Remittitur was sent down on December 31, 2013. See Court Docket No. 14-12.

On February 18, 2014, Petitioner filed a second application for post-conviction relief in state circuit court. Jones v. State of South Carolina, No. 2014-CP-14-47. See Court Docket No. 14-13. Petitioner asserted in this petition that he was being held unlawfully because when he went to court, he was under the impression that there was DNA evidence against him based on statements made by his public defender. Petitioner claimed that he had recently seen the SLED report on DNA analysis done on the gun, and that it did not say that it matched Petitioner's DNA. Petitioner contended that he would not have pled guilty had he known this information. See Court Docket No. 14-13, pp. 4-5. In a conditional order of dismissal dated July 24, 2014 (filed on or about August 12, 2014), the PCR Court gave Petitioner twenty (20) days from the date of service of the order to respond. See Court Docket No. 14-15. Based upon a review of the State court docket, Petitioner does not appear to have responded to the Conditional Order of Dismissal in his state court action. See www.judicial.state.sc.us/case (Clarendon County - Donnie Jones Case No. 2014-CP-14-0047);

3



see also Lolavar v. de Santibanes, 430 F.3d 221, 224 & n. 2 (4th Cir. 2005)[taking judicial notice of state court records].

Petitioner filed this Petition for writ of habeas corpus in United States District Court even though his second APCR action discussed hereinabove is still pending. Petitioner raises the following grounds for relief in this federal Petition:

**Ground One:** Attorney Harry L. Devoe Jr. never filed my direct appeal.

Supporting facts: I asked him to file an appeal before the plea. I felt I was being railroaded. He never did. I asked him to file a motion to reconsider he said he would, but never did.

**Ground Two:** Wasn't correctly informed by judge at sentencing.

Supporting facts: Judge didn't inform me of the mandatory parole nor did my attorney. I wouldn't of took the plea if I'd known about the 2 years mandatory parole with 85% sentences.

**Ground Three:** Misinformed by Solicitor.

Supporting facts: She told me I would get 10 year's, the rest was just a formality.

**Ground Four:** Attorney never addressed psychological issues after asked to.

Supporting facts: I asked attorney to get me mentally assessed. I have a mental illness.

See Petition, pp. 6-7, 9, 11.

## Discussion

As noted, the Respondent has moved for summary judgment in this case, to which the Petitioner has failed to file a response. Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled



to a judgment as a matter of law.  Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11.  Further, while the federal court is charged with liberally construing  pleadings filed by a pro se litigant to allow the development of a potentially meritorious case;  See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Respondent argues in his motion, inter alia, that the entire Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies.  This limitations period is part of the AEDPA,[4] and runs, under 28 U.S.C. § 2244(d)(1), from the latest of -

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, § 2244(d)(2) provides that,

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[4]Antiterrorism and Effective Death Penalty Act of 1996.



This Petition falls under § 2244(d)(1)(A).  Since Petitioner did not appeal his conviction or sentence, his state court convictions became final on October 24, 2006, when his time to appeal expired.[5]  See SCACR Rule 203(b)(2); see also Crawley v. Catoe, 257 S.E.2d 395, 398 (4th Cir. 2001).  By the time Petitioner filed his first APCR on March 23, 2009, well over two years of non-tolled time had passed from when his conviction became final.  Therefore, even though the filing of an APCR can toll the running of the statute of limitations, in this case the period of limitations to file a federal habeas petition had already expired prior to Petitioner filing his first APCR; Watts v. Warden of Leiber Correctional Institution, No. 12-1211, 2013 WL 4736690 at * 2 (D.S.C. 2013)["Thus, while the petitioner subsequently filed a PCR application . . . , the period of limitations could not be tolled under §2244(d)(2) because it had already expired prior to the filing of the action in this court."]; and the filing of his first APCR did not restart the federal statute of limitations period anew.  Cf. Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review tolls the one-year statute of limitations under § 2244(d) (A), it does not establish a right to file within one year after completion of collateral review]; Harris v. Hutchinson, 209 F.3d 325, 327-328 (4th Cir. 2000).[6]

---

[5]Since ten (10) days after the sentence was imposed was a Saturday, Petitioner had until the following Monday, October 23, to file his appeal.  Therefore, his conviction did not become final until Tuesday, October 24.

[6]The filing of Petitioner's second APCR on February 18, 2014, which involves a different claim not raised in this federal Petition, also did not serve to restart the federal statute of limitations with respect to this Petition.  Cf. Artuz v. Bennett, supra; Harris, 209 F.3d at 327-328.  Additionally, based upon the Conditional Order of Dismissal filed in his second PCR action, that petition may ultimately be dismissed on the grounds that it is without merit, successive and untimely, and if that APCR is found to be untimely, it would not toll the running of the limitations period for any new federal habeas petition Petitioner may seek to file because it will not be deemed to have been a "properly filed" petition.  Cf. Pace v. DiGuglielmo, 544 U.S. 408, 413-416 (2005)[A state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)]; see also McMillian v. Carochi, 198 Fed.Appx. 766, 768 (10th Cir.
(continued...)



Accordingly, as Petitioner filed this federal habeas petition well after the expiration of the applicable limitations period, it is time barred from consideration by this Court under § 2244(d)(1)(A).

**Conclusion**

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

October 22, 2014
Charleston, South Carolina

---

[6](...continued)
2006)["Successive state motions for postconviction relief toll 28 U.S.C. 2244(d)(2)'s one-year limitation period [only] as long as they were otherwise 'properly filed.'"]. An inmate's PCR application and his appellate PCR application may have a statutory tolling effect only if, in addition to being timely for the purposes of the AEDPA analysis, they are timely and duly perfected under the state court rules. See Artuz v. Bennett, 531 U.S. 4, 8–9 (2000); see also Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80 (3d Cir.2013).

7



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

